UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>LEVINE LAW GROUP, INC, et al.,<br><br>Defendants | Case No.: 3:22-cv-00160-MMD-CSD<br><br>**Order**<br><br>Re: ECF No. 19 |

Before the court is Defendants Levine Law Group, Inc.'s and Ira S. Levine's (collectively, Levine) motion to stay discovery pending the issuance of an order on their motion to dismiss. (ECF No. 19.) Plaintiff ALPS Property & Casualty Insurance Company (ALPS) filed a response. (ECF No. 21.) The court heard oral argument on the motion at a hearing on July 6, 2022 (ECF No. 22), and issues the instant Order denying Levine's motion.

**I. BACKGROUND**

ALPS filed this insurance coverage action for declaratory relief that it does not owe a duty to defend or indemnify Levine with respect to a claim brought by The Parking REIT, Inc. (TPR), MVP Realty Advisors, LLC (MVP), and Michael V. Shustek (collectively, the Shustek parties) in a lawsuit pending in the Eighth Judicial District Court for the State of Nevada in and for Clark County, *The Parking REIT, Inc., et al. v. Ira S. Levine*, No. A-20-808902-C (the underlying action). Levine represented the Shustek parties in connection with TPR's attempt to become a publicly traded company. In the underlying action, the Shustek parties allege that Levine was their counsel as well as general counsel, chief administrative officer, and chief operating officer of MVP. The Shustek parties assert claims for legal malpractice; breach of

fiduciary duty; breach of confidential relationship; interference with prospective economic relations; defamation per se; business disparagement; false light; breach of the implied covenant of good faith and fair dealing; and declaratory relief.

In this action, ALPS seeks a declaration that the policy does not afford Levine coverage because it specifically excludes coverage for any claim arising from or in connection with professional services rendered to an organization where the insured (Levine) was an officer, director or employee or other fiduciary of the organization or served in any capacity to control, operate or manage the organization. (ECF No. 1.)

Levine has filed a motion to dismiss, or, alternatively, to transfer venue to the unofficial southern division of the District of Nevada. Levine argues there is no plausible claim for complete denial of defense and indemnity where the underlying action alleges wrongful conduct and injuries that are not subject to the exclusion mentioned in ALPS' complaint. Levine further argues the court should exercise its discretion to dismiss this action under the Declaratory Judgment Act and the request for declaratory relief on the duty to indemnify is not ripe because there has not been a judgment in the underlying malpractice action. (ECF No. 12.) The motion to dismiss is fully briefed and pending before Chief District Judge Miranda Du.

Levine now seeks an order staying discovery pending the issuance of an order by Chief Judge Du on the motion to dismiss. (ECF No. 19.)

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party

seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

In addition, courts within the District of Nevada utilize the following criteria in determining whether to stay discovery pending resolution of a potentially dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced the motion may be successful and the claim(s) will be dismissed. *Kor Media,* 579 F.R.D. at 581 (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Id.* at 583 (citation omitted). Instead, "there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

With respect to the first factor, Levine expressly acknowledges that if the motion to dismiss is granted, it will be a dismissal without prejudice, and with leave to amend. (ECF No. 19 at 2:22-23 ("If granted, the Motion to Dismiss (ECF No. 12) will result in the dismissal of the Complaint in its entirety (albeit without prejudice).") The motion will not be entirely *dispositive* where the dismissal is with leave to amend, and such a dismissal will not impact the ultimate need to conduct discovery.

Second, the motion to dismiss is fully briefed; therefore, it can be decided without additional discovery.

Finally, the court has taken a "preliminary peek" at the merits of the motion to dismiss. There are significant questions presented to Chief Judge Du in the motion to dismiss briefing that preclude the court from concluding there is "no question" the action will be dismissed.

Levine argues the alleged facts in the underlying malpractice action make it "impossible" for ALPS to deny its insureds a defense. ALPS, on the other hand, contends that all of the allegations of the underlying action arise from and are in connection with Levine's dual role as counsel and as an officer, employee, or other fiduciary of the organizations he was representing, thereby precluding coverage under the policy. Having reviewed the parties arguments, the court cannot say there is "no question" that Levine will prevail on its motion to dismiss insofar as Levine argues this exclusion does not preclude all coverage.

Levine also argues that Chief Judge Du should exercise her discretion to dismiss the action under the Declaratory Judgment Act. However, as Chief Judge Du recently recognized, "whether to hear a case under the Declaratory Judgment Act is committed to the Court's 'unique and substantial discretion.'" *Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*, 511 F.Supp.3d 1105, 1111 (D. Nev. Jan. 6, 2021) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). ALPS presents a convincing argument that Chief Judge Du should exercise her discretion to hear the action under the factors set forth in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and its progeny. In *Red Rock Hounds,* Chief Judge Du found that exercising jurisdiction over the declaratory relief action was appropriate under *Brillhart. Id.* Chief Judge Du's analysis of the *Brillhart* factors in *Red Rock Hounds,* and ALPS' argument concerning application of the *Brillhart* factors in this case raise a doubt as to whether Levine will be successful in achieving dismissal of the action on this basis.

Next, Levine contends the request for declaratory relief on the duty to indemnify is not ripe because there has not been a judgment in the underlying malpractice action. On the other hand, "[t]here is no duty to defend when there is no potential for coverage," *United Nat's Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686, 99 P.3d 1153, 1158 (2004) (quotation marks and citation omitted), and if there is no duty to defend, there is no duty to indemnify. *See Nautilus Ins. Co. v. Access Med., LLC*, No. 2:15-cv-00321-JAD-GWF, 2016 WL 5429650, at *5 (D. Nev. Sept. 27, 2016). If ALPS ultimate succeeds on its claim for declaratory relief that it has no duty to defend Levine, then consequently, there is no duty to indemnify.

Finally, Levine argues that any discovery in this case would be cumulative of discovery conducted in the underlying malpractice action, without explaining how this will be the case.[1] While there may be some overlap of background facts, the underlying action asserts wrongdoing on the part of Levine in representing the Shustek parties, while this action involves the interpretation of the insurance policy and whether ALPS has a duty to defend and indemnify Levine under the policy. ALPS' duty to defend and indemnify Levine will not be litigated in the underlying action.

Under these circumstances, the court finds it is not appropriate to stay discovery in this action pending resolution of the motion to dismiss by Chief Judge Du.

### III. CONCLUSION

Levine's motion to stay discovery pending Chief Judge Du's resolution of the motion to dismiss (ECF No. 19) is **DENIED**.

The court imposes the following discovery plan and scheduling order deadlines:

---

[1] ALPS represents it does not anticipate the need for discovery beyond initial disclosures and limited written discovery prior to the filing of a dispositive motion. (ECF No. 17 at 2:12-15.)

(1) <u>Initial Disclosures</u>: shall be exchanged on or before **July 12, 2022**

(2) <u>Discovery Completion</u>: **January 3, 2023**

(3) <u>Deadline to Amend Pleadings or Add Parties</u>: **October 3, 2022**

(4) <u>Rule 26(a)(2) Initial Expert Disclosure Deadline</u>: **November 2, 2022**

(5) <u>Rule 26(a)(2)(D) Rebuttal Expert Disclosure Deadline</u>: **December 2, 2022**

(6) <u>Dispositive Motions Deadline</u>: **February 2, 2023**

(7) <u>Deadline to File Joint Pretrial Order</u>: **March 6, 2023,** unless dispositive motions are filed, in which case the deadline to file the joint pretrial order is 30 days after a decision on the dispositive motions or on further order of the court.

**IT IS SO ORDERED**.

Dated: July 8, 2022

_____
Craig S. Denney
United States Magistrate Judge